BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Herrera-Santos

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN HERRERA-SANTOS,<br><br>    Defendant. | No. CR 07-0764 SI<br><br>DEFENDANT'S OBJECTION TO ARRAIGNMENT ON IMPROPER STATUTORY MAXIMUM SENTENCES<br><br>**Arraignment or Preliminary Hearing Date**: Monday, December 10, 2007 |

TO: UNITED STATES ATTORNEY, PLAINTIFF; AND SCOTT N. SCHOOLS, UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA; AND TAREK HELOU, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTE that on Monday, December 10, 2007, defendant Herrera-Santos will object to arraignment on illegal reentry charges that purport to carry a statutory maximum sentence of twenty years, and moves to be arraigned on the correct statutory maximum sentence for the offense alleged in the indictment: two years. This motion is based on the following memorandum of points and authorities, the Constitution of the United States, all relevant case law and authority, and such argument as the Court will entertain at the arraignment hearing.

*Herrera-Santos*, CR 07-0764 SI
DEF. MOTION PROPER ARRAIGNMENT

## Background

On December 4, 2007, a federal grand jury returned a one-count indictment against Mr. Herrera-Santos. *See Exhibit A, United States v. Juan Herrera-Santos*, CR 07-0764 SI, Indictment (hereinafter, "Indictment.") The Indictment alleges a violation of Section 1326 of Title Eight of the United States Code. Specifically, the Indictment alleges that the defendant was "excluded, deported, and removed from the United States" on or about eight specific dates. *Id.* (alleging removals on October 3, 2001, September 7, 2002, April 9, 2003, April 22, 2005, July 1, 2005, November 30, 2005, November 28, 2006, and February 22, 2007).

The indictment further alleges that on or about September 17, 2007, Mr. Herrera-Santos was found in the Northern District of California without having first received the consent to reenter by the Attorney General and Secretary of Homeland Security. *Id.*

The indictment does not allege that Mr. Herrera-Santos previously suffered a conviction for three or more misdemeanors involving drugs or crimes against a person, or both. *See id.*; *see also Exhibit B,* 8 USC § 1326(b)(1). The indictment does not allege that the defendant suffered a conviction for felony. *Id.* The indictment fails to allege that Mr. Herrera-Santos suffered a conviction for an "aggravated felony." *Id.*; *Exhibit B,* Section 1326(b)(2). Because the indictment fails to allege that the defendant had previously suffered any of the enumerated convictions in Section 1326, it necessarily also fails to allege that Mr. Herrera-Santos was removed from the United States *after* having sustained such an enumerated conviction. *Id.*; Section 1326(b).

The Indictment (shown as entry five on Mr. Herrera-Santos docket) bears a face sheet titled, "Defendant Information Relative to a Criminal Action - in U.S. District Court." *Exhibit A*. That face sheet reports the following penalties for this indictment:

//
//
//
//

1     PENALTY:
2     Maximum Prison Term of 20 Years;
3     Maximum Fine $250,000
4     Maximum Term of Supervised Release of 3 Years;
5     Mandatory Special Assessment of $100.
6 *Id.*

## Discussion

8     The Indictment correctly charges the crime of illegal reentry, in violation of 8 USC § 1326(a). The statutory maximum sentence for a violation of Section 1326(a) is two years. *See Exhibit B,* Section 1326(a). The maximum term of supervised release for a violation of Section 1326(a) – which carries a two year maximum sentence – is one year. *See* 18 USC § 3559(a)(5) (defining Class E felony); *see also* 18 USC § 3583(b)(3) (defining the statutory maximum term of supervised release for a Class E felony as one year).

15     Mr. Herrera-Santos is prepared to be arraigned on the Section 1326(a) charge, carrying the two year statutory maximum sentence and a one year term of supervised release.

18     The problem with the Indictment, however, is that its face sheet purports that the charged offense carries penalties of up to twenty years in custody, a maximum fine of $250,000, and a three year term of supervised release. *See Exhibit A*. Those penalties are incorrect for the offense charged in the indictment, and Mr. Herrera-Santos objects to arraignment on the wrong (and substantially higher) penalties**.**

23     Section 1326 has been subject to years of litigation, and for over a decade the Ninth Circuit and Supreme Court have wavered on whether allegations and proof of prior convictions are required to trigger the higher statutory maximum sentences found in Section 1326(b). *See, e.g., United States v. Gonzalez-Medina,* 976 F.2d 570, 572 (9th Cir. 1992) ("Because sections 1326(a) and 1326(b)(1) (and, a fortiori, 1326(b)(2))) constitute separate crimes – and not merely a single offense with different sentencing criteria – the government was obligated to put on evidence of the defendants' prior felony convictions .

. . ."), *abrogated by Almendarez-Torres v. United States*, 553 U.S. 2241, 118 S. Ct. 1219 (1998). This debate has continued into the post-*Apprendi* era. *See United States v. Pacheco-Zepeda*, 234 F.3d 411, 415 (9th Cir. 2000) ("Under *Almendarez-Torres*, the government was not required to include Pacheco-Zepeda's prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt, and the district court properly considered such convictions in sentencing.")

The latest word on this debate, however, came very recently from a decision written by the Honorable Richard Clifton in the Ninth Circuit. *See Exhibit C, United States v. Salazar-Lopez*, __ F.3d __, C.A. No. 06-50438, 2007 W 3085906 (9th Cir. Oct. 24, 2007). In *Salazar-Lopez*, Judge Clifton squarely addressed the question of whether the dates of a previous felony conviction and of a previous removal must be alleged in the indictment, to trigger the higher statutory maximum sentences:

> [W]e must resolve whether the dates of a previous felony conviction and of a previous removal from the United States, subsequent to that conviction, must be alleged in the indictment and proved to a jury for the defendant to be subject to an increased sentence under 8 U.S.C. § 1326(b).

*Id.* at 2007 W 3085906 , *1. The Court's answer to this question was clear: "We answer that question in the affirmative." *Id.* As the Court in *Salazar-Lopez* explained, "the temporal relationship between Salazar-Lopez's removal and his previous conviction was a fact that increased the maximum sentence that he faced. As such, the date of the removal, or at least the fact that Salazar-Lopez had been removed *after* his conviction, should have been alleged in the indictment and proved to the jury. The failure to due so was an *Apprendi* error." *Id.* at *2 (emphasis in original).

Under *Salazar-Lopez* (and *Apprendi*), the government's failure to allege that Mr. Herrera-Santos has been removed *after* an enumerated conviction – and to specify the dates for both the removal and conviction – means that the grand jury has returned an indictment alleging an offense with a two-year statutory maximum sentence. *See Exhibit B,* Section 1326(a). This Court should therefore advise the defendant that the statutory maximum penalties for the offense charged in this indictment are:

1 | Two years custody;
2 | One year of supervised release;
3 | $250,000 fine;
4 | $100 special assessment.

6 | The defense will be prepared to enter a plea to the charges in the indictment, after being advised of these proper statutory maximum penalties.

**Conclusion**

For the foregoing reasons, Mr. Herrera-Santos respectfully requests that he be advised of the proper statutory maximum penalties for a violation of 8 USC § 1326(a), when he is arraigned on December 10, 2007: two years of custody and one year of supervised release.

Dated: December 7, 2007

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s

STEVEN G. KALAR
Assistant Federal Public Defender