1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2

3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division
4

5  TAREK J. HELOU (CABN 218225)
   Assistant United States Attorney
6
       450 Golden Gate Avenue, Box 36055
7      San Francisco, California  94102
       Telephone:    (415) 436-7071
8      Facsimile:    (415) 436-7234
       Tarek.J.Helou@usdoj.gov
9

10 Attorneys for Plaintiff

11

12                         UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14                              SAN FRANCISCO DIVISION

15

16 | UNITED STATES OF AMERICA,      )  CR No. 07-0764-SI
                                    )
17 |      Plaintiff,                )  **UNITED STATES' OPPOSITION TO
                                    )  DEFENDANT'S OBJECTION TO
18 |   v.                           )  ARRAIGNMENT ON STATUTORY
                                    )  MAXIMUM SENTENCES**
19 | JUAN HERRERA-SANTOS,           )
                                    )  Date:  December 19, 2007
20 |      Defendant.                )  Time:  9:30 a.m.
                                    )  Judge: The Honorable Maria-Elena James

United States' Opp'n Def's Obj. Arraignment
CR 07-0764-SI                                                                 1

## I. INTRODUCTION

A grand jury indicted defendant Juan Herrera-Santos for illegally reentering the U.S. in violation of 8 U.S.C. § 1326. The defendant faces a maximum penalty of 20 years because he was removed after he was convicted of committing an aggravated felony. Relying on *United States v. Salazar-Lopez*, - F.3d -, No. 06-50438, 2007 WL 3085906, at *2 (9th Cir. Oct. 24, 2007), the defendant asserts that he may not be arraigned on the charges described above because the indictment does not allege the date of his aggravated felony conviction. The defendant is wrong. The error the Ninth Circuit addressed in *Salazar-Lopez* related to the dates of a defendant's removals, not his felony conviction. Specifically, the Ninth Circuit found that although the jury was presented with evidence of two removals, one that preceded the defendant's felony conviction and one that followed it, the jury "was never asked to find that the later removal had indeed occurred." *Id.* at *2. Because the indictment in *Salazar-Lopez* did not allege any dates of removal, the jury could have found that the defendant was removed before committing an aggravated felony, and he would have faced lower maximum penalties. For this reason, the Ninth Circuit held that "the date of the removal, or at least the fact that [the defendant] had been removed *after* his conviction, should have been alleged in the indictment and proved to the jury." *Id.*

The Court need not, however, address the above sentencing issues. As a threshold matter, the defendant's Objection has no merit here because the government need not inform him at his arraignment of the maximum penalties he faces. Under the Federal Rules of Criminal Procedure, the government must inform the defendant only of the substance of the charges against him, not any penalties he might face.

## II. BACKGROUND AND STATEMENT OF FACTS

The defendant has been convicted of several crimes, including an aggravated felony for possessing crack cocaine for sale in violation of California Health and Safety Code § 11351.5.

(Ex. A.)[1]  The defendant was convicted of that charge on April 13, 2000 – more than one year before his first removal from the U.S. (*Id.*)  That crime is an aggravated felony because it is a drug trafficking offense. *United States v. Morales-Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006); 8 U.S.C. § 1101(a)(43)(B).

Under 8 U.S.C. § 1326, the defendant faces a maximum sentence of 20 years in prison and three years of supervised release because he was removed from the country after he was convicted of an aggravated felony. *Id.*  If he had been removed from the country after he was convicted of a felony other than an aggravated felony, he would face no more than ten years in prison and three years of supervised release. *Id.*  The defendant would face no more than two years in prison and one year of supervised release if he was not removed from the country after a felony conviction. *Id.*

The defendant has been removed from the U.S. eight times.  Those removals were on or about the following dates: October 3, 2001, September 7, 2002, April 9, 2003, April 22, 2005, July 1, 2005, November 30, 2005, November 28, 2006, and February 22, 2007. (Exs. B-I.)  Each of those removals occurred long after he was convicted of an aggravated felony in 2000.  The defendant returned to the U.S. and was found on or about September 17, 2007. (Indictment.)

On December 4, 2007, a federal grand jury indicted the defendant and alleged that he illegally reentered the U.S. in violation of § 1326. (Indictment.)  The indictment alleges that the defendant was removed from the U.S. on or about each of the eight dates discussed above. (*Id.*)  The indictment does not allege that the defendant had previously committed an aggravated felony or any other crime. (*Id.*)

---

[1] The government has attached exhibits showing the date of the defendant's aggravated felony conviction and his removals from the U.S.  These exhibits are provided only for illustrative purposes for the courtesy of the Court.  All of the exhibits were produced to defense counsel on November 29, 2007.

## III. ARGUMENT

**A.  The Defendant's Objection Is Unfounded Because The Government And The Court Need Not Inform Him At Arraignment Of The Maximum Penalties He Faces**

The government and the Court are not required to inform the defendant of the maximum penalties he faces at his arraignment. The defendant's Objection did not cite any authority requiring the government or the Court to do so. Under Rule 10,[2] which governs arraignments, the defendant must be informed of only the substance of the charges he faces – in this case, that he illegally reentered the country in violation of 8 U.S.C. § 1326. FED. R. CRIM. P. 10(a). Rule 10 is silent about penalties. *Id.*

If the defendant had a right to be told of the maximum penalties he faced at his arraignment, Congress would have included that requirement in Rule 10, as it did in Rule 11, which governs guilty pleas. *Compare* FED. R. CRIM. P. 10 (not requiring government or court to tell defendant maximum penalties at arraignment) *with* FED. R. CRIM. P. 11(b)(h) (requiring court to inform defendant of maximum penalties and ensure defendant understands them). Because Rule 10 includes particular language about maximum penalties, but Rule 11 does not, Congress did not intend to require the government or the Court to inform the defendant of the maximum penalties he faces. *See Russello v. United States*, 464 U.S. 16, 23 (1983) (when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion") (citing *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)).

Other Rules addressing pre-trial proceedings do not require the government to inform the defendant of the maximum penalties he faces. For example, Rule 5, which covers initial appearances, requires only that the defendant be informed of the complaint and that he has several rights, all of which are unrelated to the maximum penalties he faces. *See* FED. R. CRIM. P. 5(d) (defendant has right to retain counsel, right to request pre-trial release, right to

---

[2]All citations to "Rules" refer to the Federal Rules of Criminal Procedure.

preliminary hearing, and right not to make statement).

Because the government and the Court do not have to inform the defendant of the maximum penalties that he faces, he cannot seek relief if an indictment alleges that he is subject to a higher penalty than he believes he faces.

**B.    The Indictment Satisfies *Salazar-Lopez***

The Ninth Circuit's decision in *Salazar-Lopez* addressed whether the conviction should be reversed because the jury made no explicit finding that the defendant was removed on a date after a felony conviction. *Id.*, 2007 WL 3085906 at *2. This fact mattered because a defendant who violates § 1326 by reentering the U.S. after removal faces increased maximum penalties if he was removed from the country after being convicted of a felony or aggravated felony.

In *Salazar-Lopez*, the defendant was convicted at trial of violating 8 U.S.C. 1326. *Id.* at *1. The jury heard evidence that the defendant was removed from the U.S. twice; once before he committed a felony, and once after he committed a felony. *Id.* at *2. Neither of those removals was alleged in the indictment. *Id.* at *2. Although the trial jury was presented with evidence of both removals, it "was never asked to find that the later removal had indeed occurred." *Id.* at *2. Therefore, the jury could have convicted the defendant based only on a removal that occurred before his felony conviction. On such a record, the defendant was only eligible to receive a maximum of two years in prison and one year of supervised release. However, the defendant was sentenced to 21 months in prison and three years of supervised release. He appealed his sentence, claiming that the term of supervised release exceeded the one year maximum term for a defendant whose removal was not subsequent to a felony conviction, arguing that the jury found only that he was removed, not that he was removed after his felony conviction.

The Ninth Circuit affirmed the sentence based on harmless error, holding that the indictment should have alleged "the date of the removal, or at least the fact that [the defendant] had been removed *after* his conviction." *Id.* at *2. Nothing in the opinion supports the defendant's claim that the indictment must allege both. Because the indictment in this case alleges eight dates of removal, it satisfies *Salazar-Lopez*. The judge can determine whether the felony conviction or aggravated felony conviction occurred after the removal date found by the

jury. *Id.* at *2 (fact of prior conviction need not be submitted to jury (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

Even if the indictment in this case had not alleged any removal dates, failure to do so would be harmless error. Unlike in *Salazar-Lopez*, all of the defendant's removals occurred after he was convicted of an aggravated felony. Therefore, if he is convicted, it will not matter which removal or combination of removals the jury finds because any of his removals can increase his statutory maximum penalty. Thus, given the dates of removal alleged in the indictment, if the jury convicts, there will be no doubt that it found that the defendant was removed after an aggravated felony conviction.

**C.     The Defendant Cannot Raise This Objection Before Trial**

Rule 12(b) limits the pretrial motions and objections that a defendant can file. Under Rule 12(b)(2), the defendant cannot raise objections if the court cannot determine the issue presented by the objection without a trial. The defendant's Objection is premature and barred by Rule 12(b)(2) because the Court cannot determine whether he was convicted of an aggravated felony before his removal without a trial on that issue.

In *Salazar-Lopez*, it was not clear whether the jury found that the defendant was removed before his felony conviction or after it. *Id.* at *2. However, in this case, because the indictment alleges a removal date, a jury could find that the defendant was removed after his aggravated felony conviction. Therefore, the Court cannot determine which dates a jury will find that the defendant was removed until it renders its verdict. For example, the jury could receive a special verdict form requesting that it find each removal date specifically. The Court also does not know what evidence the government will introduce at trial, which removal dates it will allege, or even if the government will allege that the defendant was convicted of an aggravated felony. The defendant's objection to the arraignment, therefore, it premature.

## IV.  CONCLUSION

*Salazar-Lopez* holds only that the government must allege either the date that a defendant was removed from the U.S. or the date that the defendant committed a felony or aggravated felony. The indictment in this case alleges eight removal dates, each occurred after the

defendant committed an aggravated felony. Consequently, it would be impossible for the defendant to be convicted and not know whether the jury found that he was removed after his aggravated felony conviction. Additionally, the defendant has no right to be informed of the maximum penalties he faces at his arraignment.

The Court should deny the defendant's Objection and arraign him on the indictment, which charges him with a crime punishable by up to 20 years in prison.

DATED: December 12, 2007    Respectfully Submitted:

SCOTT N. SCHOOLS
United States Attorney

            /s/
TAREK J. HELOU
Assistant United States Attorney