IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0764 SI |
| Plaintiff(s), | **ORDER RE: ARRAIGNMENT** |
| vs. | **ORDER VACATING DECEMBER 19, 2007 HEARING** |
| JUAN HERRERA-SANTOS, | |
| Defendant(s). | |

On December 7, 2007, Defendant Juan Herrera-Santos filed an Objection to Arraignment on Improper Statutory Maximum Sentences. (Doc. #6.) In his objection, Defendant argues that the statutory maximum sentence for the offense alleged in the indictment is two years rather than twenty years, and requests that he be advised as such. At Defendant's arraignment hearing, the government informed him of a maximum sentence of twenty years, but the Court requested further briefing from the parties. (Doc. #7.) Having considered the arguments provided by both sides, the Court finds a hearing on this matter unnecessary and VACATES the December 19, 2007 hearing.

Under Federal Rule of Criminal Procedure 10, which govern arraignments, a defendant must be informed of the substance of the charges he faces - in this case, that he illegally reentered the country in violation of 8 U.S.C. § 1326. Fed. R. Crim. P. 10. It does not require that a defendant be told of the maximum penalties at the time of arraignment. *Compare* Fed. R. Crim. P. 11 (governing pleas and requiring court to inform defendant of maximum penalties, and ensure defendant

understands them). Accordingly, the Court hereby STRIKES the portion of Defendant's arraignment in which the government informed him of any maximum penalties.

As to Defendant's request that he be advised of the proper statutory maximum penalties, the Court finds that this raises sentencing and case dispositive issues that go beyond the scope of magistrate jurisdiction. Accordingly, the undersigned is unable to consider Defendant's request.

**IT IS SO ORDERED.**

Dated: December 17, 2007

MARIA-ELENA JAMES
United States Magistrate Judge