EXHIBIT E

Slip Copy    Page 1
Slip Copy, 2008 WL 444557 (E.D.Wash.)
**(Cite as: Slip Copy)**

U.S. v. Ramos-Tadeo
E.D.Wash.,2008.
Only the Westlaw citation is currently available.
United States District Court,E.D. Washington.
UNITED STATES of America, Plaintiff,
v.
Ricardo RAMOS-TADEO, Defendant.
**No. CR-07-6042-FVS.**

Feb. 15, 2008.

Rebecca L. Pennell, Federal Defenders, Yakima, WA, for Defendant.
Shawn Nicholas Anderson, U. S. Attorney's Office, Yakima, WA, for Plaintiff.

ORDER GRANTING REQUEST FOR A SENTENCE UNDER 26 U.S.C. § 1326(a)

FRED VAN SICKLE, District Judge.

**\*1 THIS MATTER** came before the Court for sentencing on February 7, 2008. Assistant United States Attorney Shawn N. Anderson appeared for the United States. The Defendant was present and represented by Kelly A. Canary. This order is intended to memorialize and supplement the Court's oral ruling.

Any fact other than a prior conviction that increases the maximum penalty for a federal offense must be "charged in the indictment, submitted to a jury, and proven to a jury beyond a reasonable doubt."*Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435, 446 (2000). Consistent with this principle, a defendant convicted under 8 U.S.C. § 1326 may not be subjected to an enhanced penalty pursuant to 8 U.S.C. § 1326(b) unless the temporal relationship between his or her prior deportation and prior felony conviction is both alleged in the indictment and proven to a jury beyond a reasonable doubt. *United States v. Salazar-Lopez,* 506 F.3d 748, 752 (9th Cir.2007).

Neither of the foregoing requirements has been satisfied in this case. It is true, as the Government argues, that the date of the Defendant's prior deportation was alleged in the indictment. However, the indictment does not allege the date of the Defendant's prior felony conviction. Nor does it allege that the Defendant was previously deported after being convicted of a qualifying felony.

Even if there were no indictment error in this case, the temporal relationship between the Defendant's prior deportation and prior felony conviction has not been proven to a jury. At the change of plea hearing, the Defendant admitted to neither the date of his prior deportation nor the fact of his prior conviction. Consistent with the terms of the indictment, the Court did not include the temporal relationship in its recitation of the elements of the crime. The Defendant's refusal to admit to the precise date of his prior deportation thus does not render his plea incomplete. It does, however, bind the Court to impose a period of incarceration no greater than 24 months.

In view of this determination, the Defendant's objections to the Presentence Investigation Report and his request for a downward departure are moot and will accordingly be denied.

**IT IS HEREBY ORDERED:**

1. The maximum term of imprisonment that may be imposed upon the Defendant is 24 months pursuant to 26 U.S.C. § 1326(a).

2. The Defendant's Motion For Downward Departure, **Ct. Rec. 32,** is **DENIED AS MOOT.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

E.D.Wash.,2008.
U.S. v. Ramos-Tadeo
Slip Copy, 2008 WL 444557 (E.D.Wash.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.