1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2

3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division
4

5  TAREK J. HELOU (CABN 218225)
   Assistant United States Attorney
6
       450 Golden Gate Avenue, Box 36055
7      San Francisco, California  94102
       Telephone:     (415) 436-7071
8      Facsimile:     (415) 436-7234
       Tarek.J.Helou@usdoj.gov
9

10 Attorneys for Plaintiff

11

12                       UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                           SAN FRANCISCO DIVISION

15

16 UNITED STATES OF AMERICA,       )   CR No. 07-0764 SI
                                   )
17         Plaintiff,               )   **UNITED STATES' OPPOSITION TO**
                                   )   **DEFENDANT'S MOTION TO DISMISS**
18     v.                           )   **THE INDICTMENT**
                                   )
19 JUAN HERRERA-SANTOS,            )   Date: April 18, 2008
                                   )   Time: 11:00 a.m.
20         Defendant.               )   Judge: The Honorable Susan Illston
                                   )
21

UNITED STATES' OPP'N DEF'S MOT. DISMISS
CR 07-0764 SI

**TABLE OF CONTENTS**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. BACKGROUND AND STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. The Indictment Is Sufficient. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1. The Indictment Meets The Minimal Pleading Standards Required By The Ninth Circuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2. The Indictment Satisfies *Salazar-Lopez*. . . . . . . . . . . . . . . . . . . . . . . . . . 4

            a. Under *Salazar-Lopez*, An Indictment Must Allege Only A Date Of Removal To Increase The Defendant's Maximum Penalty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            b. The Defendant Ignores *Almendarez-Torres* And *Salazar-Lopez's* Reliance On It. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            c. The Defendant Ignores Ninth Circuit Opinions After *Salazar-Lopez*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        3. Under The Sixth Amendment And *Apprendi*, The Court Can Determine When The Defendant Was Convicted Of An Aggravated Felony. . . . . . . . 7

            a. The Court Can Find That A Conviction Occurred On A Date After The Jury Finds The Defendant Was Removed. . . . . . . . . . . 8

            b. Immigration Removals Are Different Than Criminal Convictions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B. The Type Of Error That Occurred In *Salazar-Lopez* Is Impossible In This Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

### FEDERAL CASES

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Hamling v. United States*, 418 U.S. 87 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Barajas-Romo*, No. 06-50398, 2008 U.S.
    App. LEXIS 1737 (9th Cir. Jan. 22, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 1, 7

*United States v. Castillo-Rivera*, 244 F.3d 1020 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 2, 9

*United States v. Covian-Sandoval*, 462 F.3d 1090 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Hernandez-Amescua*, No. 06-50238, 2008 U.S.
    App. LEXIS 5600 (9th Cir. Mar. 10, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Hill*, 279 F.3d 731 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Hinton*, 222 F.3d 664 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Ledesma-Aceves*, No. 07-30017, 2008 U.S.
    App. LEXIS 1513 (9th Cir. Jan. 18, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Morales-Perez*, 467 F.3d 1219 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Pina-Jaime*, 332 F.3d 609 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . passim

*United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

### FEDERAL STATUTES

8 U.S.C. § 1101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 1326. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

### STATE STATUTES

CALIFORNIA HEALTH & SAFETY CODE § 11351.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### FEDERAL RULES

FED. R. CRIM. P. 10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## I. INTRODUCTION

A grand jury indicted defendant Juan Herrera-Santos for illegally reentering the United States in violation of 8 U.S.C. § 1326. The indictment alleges that he was removed from the United States on eight specific dates. The defendant faces a maximum penalty of 20 years in prison because he was removed after he was convicted of an aggravated felony. *See* 8 U.S.C. § 1326(b)(2). The indictment does not have to allege that he committed an aggravated felony before he was removed for him to face 20 years in prison. As the Supreme Court decided in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), the maximum penalty provision in § 1326(b)(2) is a sentencing factor that does not need to be alleged in an indictment or proved to a jury because the Court can find the date of the defendant's previous aggravated felony conviction.

This case does not present a novel issue of Sixth Amendment law, as the defendant claims. Instead, it presents two issues already addressed by the Supreme Court and the Ninth Circuit: (1) can a District Court find the fact of a previous conviction; and (2) can a defendant face 20 years in prison if a § 1326 indictment alleges specific dates of removal but does not allege that the defendant committed an aggravated felony. Both issues have already been resolved in the government's favor. *See Almendarez-Torres*; *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007); *United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008). Consequently, this Court can find the date that the defendant was convicted of an aggravated felony, and he faces up to 20 years in prison because the indictment alleges eight removal dates.

The defendant claims incorrectly that *Salazar-Lopez* requires the indictment to allege the dates that he was removed *and* the date that he was convicted of an aggravated felony. But *Salazar-Lopez* and Ninth Circuit opinions citing it have held that the defendant faces up to 20 years in prison if the indictment alleges *either* the date that he was removed *or* that he was removed after his aggravated felony conviction. *Id.* at 752. An indictment does not need to allege both. The indictment in this case is sufficient because, as the defendant concedes, it alleges eight dates of removal.

UNITED STATES' OPP'N DEF'S MOT. DISMISS
CR 07-0764 SI                                                   1

1   The defendant also ignores the differences between removals in immigration proceedings and convictions in criminal cases. The defendant argues that if, as *Salazar-Lopez* held, the Court cannot find the date of a removal if it was not alleged in an indictment and proved to a jury, then the Court also cannot find the date of a conviction if it was not alleged in an indictment and proved to a jury. But removals are different than convictions. The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that a previous conviction is the *only* fact that can enhance a maximum penalty that does not need to be alleged in an indictment or proved to a jury. And as the Ninth Circuit held in *United States v. Castillo-Rivera*, 244 F.3d 1020, 1025 (9th Cir. 2001), under *Apprendi*, this Court can find the specific date of the defendant's conviction.

The Court should deny the defendant's motion because he has not shown that the indictment is insufficient or that it does not allege a crime punishable by up to 20 years in prison.

## II.    BACKGROUND AND STATEMENT OF FACTS

On April 13, 2000, the defendant pleaded guilty to possessing crack cocaine for sale in violation of California Health and Safety Code § 11351.5. (Ex. A.)[1] That conviction was an aggravated felony conviction because it is a drug trafficking offense. *United States v. Morales-Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006); 8 U.S.C. § 1101(a)(43)(B). The defendant has been removed from the U.S. eight times, on or about the following dates: October 3, 2001, September 7, 2002, April 9, 2003, April 22, 2005, July 1, 2005, November 30, 2005, November 28, 2006, and February 22, 2007. (*See* Indictment (Ex. B).) Every removal was after his aggravated felony conviction. The defendant returned to the United States again and was found on or about September 17, 2007. (*Id.*)

Under 8 U.S.C. § 1326, the defendant faces a maximum sentence of 20 years in prison and three years of supervised release because he was removed from the country after he was convicted of an aggravated felony. *Id.* If he had been removed from the country after he was convicted of a felony other than an aggravated felony, or convicted of certain misdemeanors, he would face no more than ten years in prison and three years of supervised release. *Id.* The

---

[1] All exhibits are to the Declaration of Tarek J. Helou in Support of the United States' Opposition to the Defendant's Motion to Dismiss.

UNITED STATES' OPP'N DEF'S MOT. DISMISS
CR 07-0764 SI                            2

1  defendant would face no more than two years in prison and one year of supervised release if he
2  was removed from the country without having sustained a felony conviction or certain
3  misdemeanor convictions. *Id.*
4        On December 4, 2007, a grand jury indicted the defendant. (Indictment.) The indictment
5  alleges that he was removed from the United States on or about each of the eight dates stated
6  above and that he illegally reentered the country in violation of § 1326. (*Id.*) The indictment
7  does not allege that the defendant had previously committed an aggravated felony or any other
8  crime. (*Id.*) The face sheet of the Indictment states that the defendant faces up to 20 years in
9  prison and three years of supervised release. (*Id.*)
10       On December 10, 2007, the Honorable Maria-Elena James arraigned the defendant on the
11 Indictment. (Dec. 10, 2007 Minute Entry (docket #8) (Ex. C).) During the defendant's
12 arraignment, the government informed him of the maximum penalties he faced, including 20
13 years in prison. (*Id.*; Def's Mot. Dismiss at 4:12-14.) The defendant objected to being informed
14 that he faced a maximum penalty of 20 years in prison, and moved to be arraigned on a
15 maximum prison term of two years. (Dec. 10, 2007 Minute Entry (docket #8); Def's Mot.
16 Dismiss at 4:14.) Judge James arraigned the defendant on the indictment and requested briefing
17 on whether the defendant should be informed that he faced a maximum penalty of 20 years in
18 prison. (*Id.*)
19       After the parties filed their briefs, Judge James rejected the defendant's argument and
20 issued an order vacating the scheduled hearing and striking only the portion of the arraignment
21 informing the defendant of the maximum penalties. (Dec. 17, 2007 Order Re: Arraignment,
22 Order Vacating Dec. 19, 2007 Hr'g (docket #12) (Ex. D).) Judge James found that a defendant
23 has no right to be informed of the maximum penalties he faces at arraignment. (See Order Re:
24 Arraignment at 1:26-2:1; FED. R. CRIM. P. 10.) The defendant has renewed this argument here.
25 / /
26 / /
27 / /
28 / /

UNITED STATES' OPP'N DEF'S MOT. DISMISS
CR 07-0764 SI                                 3

III.   ARGUMENT

A.   **The Indictment Is Sufficient**

   1.   **The Indictment Meets The Minimal Pleading Standards Required By The Ninth Circuit**

The Federal Rules and Ninth Circuit case law set a high burden for a defendant seeking to dismiss an indictment. This defendant cannot meet that burden. The test of the indictment's sufficiency is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000). In the Ninth Circuit, an indictment must only: (1) contain the elements of the offense charged; (2) fairly inform the defendant of the charge against which he must defend; and (3) let the defendant plead guilty or not guilty to bar future prosecutions for the same offense. *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The indictment in this case satisfies those requirements.

The Supreme Court has already squarely addressed the defendant's argument and rejected it, holding that neither § 1326 nor the Constitution require the government to charge an earlier aggravated felony conviction in an indictment. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). The maximum penalty under § 1326(b)(2) is not related to the sufficiency of the indictment because subsection (b)(2) does not define a separate crime and is not an element of any crime. *Id.*, 523 U.S. at 226. Subsection (b)(2) is only a penalty provision authorizing the Court to increase the defendant's sentence because he is a recidivist. *Id.*, 523 U.S. at 226. Consequently, the defendant in this case faces up to 20 years in prison regardless whether the indictment included any facts related to his aggravated felony conviction. *Id.* at 226-27.

   2.   **The Indictment Satisfies *Salazar-Lopez***

Under *United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007), an indictment does not have to allege that a defendant was convicted of an aggravated felony for the maximum penalty to be 20 years in prison. *Salazar-Lopez* held that a defendant with an aggravated felony conviction faces up to 20 years in prison for violating § 1326 if the indictment alleges *either*: (1)

1   the specific date or dates that the defendant was removed; *or* (2) that he was removed after being
2   convicted of an aggravated felony. *Id.* at 751 (citing *Apprendi v. New Jersey*, 530 U.S. 466
3   (2000)). The indictment in this case alleges eight specific removal dates. (Indictment at 1.)

    The defendant's assertion that *Salazar-Lopez* requires an indictment to allege *both* the date of removal *and* the date of an aggravated felony conviction takes a single sentence from the opinion out of context. (Def's Mot. Dismiss at 7:11-20.) The defendant ignores the rest of the *Salazar-Lopez* opinion, the facts of *Salazar-Lopez*, the Supreme Court's earlier decisions in *Almendarez-Torres* and *Apprendi*, *Salazar-Lopez's* explicit deference to those cases, and subsequent Ninth Circuit opinions analyzing *Salazar-Lopez*.

          **a.  Under *Salazar-Lopez*, An Indictment Must Allege Only A Date Of Removal To Increase The Defendant's Maximum Penalty**

*Salazar-Lopez* addressed whether a conviction should be reversed because the jury did not find the specific date that the defendant was removed, which prohibited the Court from determining whether his felony conviction was before or after his removal. *Id.* at 750. The defendant in *Salazar-Lopez* was convicted at trial of violating § 1326. *Id.* at 750. The jury heard evidence that the defendant was removed from the U.S. twice; once before he committed a felony, and once after he committed a felony. *Id.* at 751. Neither of those removals was alleged in the indictment. *Id.* at 751. Although the jury was presented with evidence of both removals, it "was never asked to find that the later removal had indeed occurred." *Id.* Thus, the error related to the dates of removal, not the dates of the previous felony conviction, because the jury could have based its verdict on only the removal that occurred before the defendant's previous felony conviction. *Id.* On such a record, the defendant's maximum penalties would have been two years in prison and *one year* of supervised release. *Id.* However, the defendant was sentenced to 21 months in prison and *three years* of supervised release. *Id.* The defendant appealed his sentence, claiming that the term of supervised release exceeded the one year maximum term for a defendant whose removal was not subsequent to a felony conviction. *Id.* The defendant argued that the jury found only that he was removed, not that he was removed after his felony conviction. *Id.*

The Ninth Circuit affirmed the sentence based on harmless error, holding that the indictment should have alleged "the date of the removal, *or* at least the fact that [the defendant] had been removed after his conviction." *Id.* at 752 (emphasis added). The Ninth Circuit stated that a judge can determine whether the felony conviction or aggravated felony conviction occurred after the removal date found by the jury. *Id.* at 751 (fact of prior conviction need not be submitted to jury (*citing Almendarez-Torres*)). Thus, the opinion does not support the defendant's claim here that the indictment must allege both the date of his removal and that it occurred after his aggravated felony conviction.

### b. The Defendant Ignores *Almendarez-Torres* And *Salazar-Lopez's* Reliance On It

The defendant's claim that *Salazar-Lopez* requires the government to allege the dates of an aggravated felony ignores the Supreme Court's opinion in *Almendarez-Torres*. *Almendarez-Torres* held that subsection (b)(2) of § 1326 "simply authorizes the Court to increase the sentence for a recidivist." *Id.* at 226. As the Supreme Court stated, "neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment section." *Id.* at 226-27. As the Ninth Circuit stated in *Salazar-Lopez*, *Almendarez-Torres* has not been limited and is still binding precedent on every court in the United States. *Salazar-Lopez*, 506 F.3d at 751, n.3.

The defendant's interpretation of *Salazar-Lopez* places *Salazar-Lopez* directly at odds with the Supreme Court's decisions in *Almendarez-Torres* and *Apprendi*. If the defendant's interpretation of *Salazar-Lopez* is correct, then *Salazar-Lopez* was decided incorrectly.

### c. The Defendant Ignores Ninth Circuit Opinions After *Salazar-Lopez*

The defendant's claim that federal authority is split on whether *Salazar-Lopez* requires an indictment to allege the date of a previous conviction to trigger an increased maximum sentence is incorrect. (*See* Def's Mot. Dismiss at 7:23-10:5.) The defendant cited only one unpublished opinion from the Eastern District of Washington to support his argument that *Salazar-Lopez* requires an indictment to allege *both* the date that the defendant was removed *and* that the removal occurred after an aggravated felony conviction. By contrast, the Ninth Circuit has

UNITED STATES' OPP'N DEF'S MOT. DISMISS
CR 07-0764 SI                                       6

repeatedly supported the government's argument that *Salazar-Lopez* requires an indictment to allege *either* a date of removal *or* that a removal occurred after a qualifying conviction. *See, e.g. United States v. Calderon-Segura*, 512 F.3d 1104, 1111 (9th Cir. 2008) (indictment must allege date of removal *or* that removal occurred after qualifying conviction); *United States v. Hernandez-Amescua*, No. 06-50238, 2008 U.S. App. LEXIS 5600, at *1-2 (9th Cir. Mar. 10, 2008) (same) (Ex. E); *United States v. Barajas-Romo*, No. 06-50398, 2008 U.S. App. LEXIS 1737, at *3 (9th Cir. Jan. 22, 2008) (same) (Ex. F); *United States v. Ledesma-Aceves*, No. 07-30017, 2008 U.S. App. LEXIS 1513, at *2 (9th Cir. Jan. 18, 2008) (same) (Ex. G).

### 3. Under The Sixth Amendment And *Apprendi*, The Court Can Determine When The Defendant Was Convicted Of An Aggravated Felony

Contrary to the defendant's assertion, the Supreme Court and the Ninth Circuit have not "wavered on whether allegations and proof of prior convictions are required to trigger the higher statutory maximum sentences found in Section 1326(b)." (Def's Mot. Dismiss at 10:26-11:3.) Both Supreme Court precedent and binding Ninth Circuit authority hold that defendants face higher statutory maximum sentences in § 1326 cases even if the government does not allege in an indictment or prove to a jury the fact of a prior conviction.     The defendant misstates *Apprendi's* holding and subsequent case law interpreting it. The defendant argued that:

> If *Apprendi* permitted the Court to make a finding that a removal was subsequent to a qualifying conviction, then the Court would equally be empowered to make a finding at sentencing as to the date of a removal. That, explained the Ninth Circuit in *Sandoval-Lopez*, it cannot do. Because the Court cannot constitutionally make sentencing findings of enhancement facts relating to the dates of removals, it similarly cannot make findings of enhancement facts relating to the date of convictions.

(Mot. Dismiss at 14:6-12.)[2]

---

[2] Although the defendant cited "*Sandoval-Lopez*" in that passage, he apparently meant to cite *Salazar-Lopez* because the citation did not include a volume or federal reporter and the defendant's Table of Authorities does not identify a case titled *Sandoval-Lopez*. Additionally, government counsel found no relevant cases titled *United States v. Sandoval-Lopez*. Government counsel also asked defense counsel whether he meant to cite *Salazar-Lopez* or a different case, but defense counsel did not respond.

       **a.**    **The Court Can Find That A Conviction Occurred On A Date After The Jury Finds The Defendant Was Removed**

The defendant made two errors in this argument; each eviscerates his motion. First, the defendant argued that if *Apprendi* permits the Court to find that a removal occurred after a conviction, then *Apprendi* must also permit Court to find the date that a removal occurred; but, the defendant argued, the Court cannot find the date that a removal occurred. This argument, however, is incorrect because the Court can make a finding that a removal occurred after a conviction without making any factual finding related to when the removal occurred. For example, in this case, the jury could fill out a special verdict form finding that the defendant was removed on February 22, 2007 (or any other of the eight dates alleged in the indictment, all of which occurred after the defendant was convicted of an aggravated felony). Then, this Court could find that the defendant was convicted of an aggravated felony on April 13, 2000. The Court would then find that February 22, 2007 (the date of the removal) was after April 13, 2000 (the date of the aggravated felony conviction). Thus, the Court would make a finding that a removal occurred after the defendant's aggravated felony conviction while leaving to the jury all fact-finding related to the removal.

       **b.**    **Immigration Removals Are Different Than Criminal Convictions**

The defendant's second error is that he ignores the differences between removals and convictions. The defendant argues that because the Court cannot find facts related to the dates of *removals*, it cannot find facts related to the dates of *convictions*. The Supreme Court and the Ninth Circuit, however, have already rejected that argument. In *Apprendi*, the Supreme Court held that a prior conviction is the only fact essential to a criminal allegation that does not need to be found by a jury. *Id.*, 530 U.S. at 490. The Ninth Circuit has applied this rule to § 1326 cases by holding that the government does not need to prove a defendant's previous convictions at trial to trigger the 20 year maximum penalty. *See, e.g. United States v. Pina-Jaime*, 332 F.3d 609, 613 (9th Cir. 2003).

The Court can find the date of a conviction, but not the date of a removal, because the fact of a prior removal falls outside the scope of the *Apprendi* exception for convictions. *See*

UNITED STATES' OPP'N DEF'S MOT. DISMISS
CR 07-0764 SI         8

1  *United States v. Covian-Sandoval*, 462 F.3d 1090, 1096 (9th Cir. 2006). *Apprendi* carved out an
2  exception for prior convictions because unlike *any other fact*, a prior conviction was already
3  proved beyond a reasonable doubt and there is no reason to force the government to prove the
4  conviction twice. *United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001). Removals are
5  not within the *Apprendi* exception because immigration hearings are civil proceedings lacking
6  both juries and the reasonable doubt standard that control criminal cases. *Covian-Sandoval*, 462
7  F.3d at 1097-98. Moreover, unlike a prior conviction, the fact of a defendant's prior removal is
8  one of the elements of § 1326. *Id.* at 1098.

*Apprendi's* "prior conviction" exception applies to the fact that the defendant sustained a
10 conviction and to the date the conviction occurred. *United States v. Castillo-Rivera*, 244 F.3d
11 1020, 1025 (9th Cir. 2001). Thus, this Court can find that the defendant was convicted of an
12 aggravated felony *and* when he was convicted of it. Consequently, if the jury finds that the
13 defendant was removed on any date after the date of his aggravated felony conviction, he will
14 face up to 20 years in prison.

15 **B.    The Type Of Error That Occurred In *Salazar-Lopez* Is Impossible In This Case**

16      In *Salazar-Lopez*, the indictment did not allege any removal dates; the government
17 presented evidence at trial of one removal before the defendant's aggravated felony conviction
18 and one removal after it. *Id.* at 751. Error occurred because although the jury found that the
19 defendant was removed from the country, it was impossible to determine whether the jury found
20 that he was removed before or after his aggravated felony conviction. *Id.* This fact determined
21 whether the defendant faced an increased maximum penalty. *Id.*

22      That error cannot happen in this case. The government has alleged that the defendant
23 was removed from the United States eight times. (Indictment (Ex. B).) Every one of those
24 removals occurred after the defendant was convicted of an aggravated felony. (*Compare* Ex. A
25 (defendant pleaded guilty to aggravated felony Apr. 13, 2000), *with* Indictment (defendant
26 removed from United States eight times, all after Apr. 13, 2000.) Therefore, if the jury finds any
27 of the alleged removals and the Court finds that the defendant was convicted of an aggravated
28 felony, the removal will have occurred after the aggravated felony. The error that the defendant

seeks to avoid will be impossible in this case.

## IV. CONCLUSION

The Indictment charging defendant Juan Herrera-Santos with illegally reentering the United States alleges that he was removed from the country on eight specific dates. Because this Court can find that Mr. Herrera-Santos was convicted of an aggravated felony before any of the dates he was removed, he faces up to 20 years in prison.

The defendant's Motion to Dismiss does not present any novel legal issues – or even any valid legal issues. Instead, it ignores well-settled law from the Supreme Court's decisions in *Almendarez-Torres* and *Apprendi*, and incorrectly applies recent Ninth Circuit precedent from *Salazar-Lopez* and cases citing it. All of the Ninth Circuit cases simply follow *Almendarez-Torres* and *Apprendi*. Those cases foreclose the defendant's claim for relief and render him eligible for a maximum prison sentence of 20 years. Accordingly, the Court should dismiss the defendant's motion.

DATED: March 28, 2008         Respectfully Submitted:

JOSEPH P. RUSSONIELLO
United States Attorney


                              /s/
                              TAREK J. HELOU
                              Assistant United States Attorney