LEXSEE 2008 U.S. APP. LEXIS 1737

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. CARLOS BARAJAS-ROMO, Defendant - Appellant.

No. 06-50398

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2008 U.S. App. LEXIS 1737

July 11, 2007, Argued and Submitted, Pasadena, California
January 22, 2008, Filed

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
Appeal from the United States District Court for the Southern District of California. D.C. No. CR-05-02247-LAB. Larry A. Burns, District Judge, Presiding.
*United States v. Barajas-Romo, 244 Fed. Appx. 826, 2007 U.S. App. LEXIS 19101 (9th Cir. Cal., 2007)*

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Roger W. Haines, Jr., Esq., Mark R. Rehe, Esq., Matthew Gardner, Joseph S. Green, USSD - OFFICE OF THE U.S. ATTORNEY, San Diego, CA.

For CARLOS BARAJAS-ROMO, Defendant - Appellant: Matthew C. Shaftel, Esq., Janet Tung, FDSD - FEDERAL DEFENDERS OF SAN DIEGO, INC., San Diego, CA.

**JUDGES:** Before: KOZINSKI, Chief Judge, KLEINFELD and TALLMAN, Circuit Judges.

**OPINION**

AMENDED MEMORANDUM *

\* This disposition is not appropriate for publication and is not precedent except as provided by *9th Cir. R. 36-3*.

Before: KOZINSKI, Chief Judge, KLEINFELD and TALLMAN, Circuit Judges.

Carlos Barajas-Romo appeals his illegal reentry conviction and 70-month sentence under *8 U.S.C. § 1326*. We affirm.

Even if we accept Barajas-Romo's claim that the 2004 removal hearing deprived him of his due process rights, this claim fails because he has not shown prejudice resulting from the due process violation. *See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004)* (citing *United States v. Zarate-Martinez, 133 F.3d 1194, 1197 (9th Cir. 1998))*. [*2] To establish prejudice, Barajas-Romo must show that his withholding of removal claim was plausible. *See id. at 1050*. Barajas-Romo's statements at the 2004 proceedings indicate that he did not fear that his life or freedom would be threatened in Mexico. Moreover, there is no reason to believe that his father's alleged killers were still interested in Barajas-Romo in 2004, or that they could even identify him. *See Lanza v. Ashcroft, 389 F.3d 917, 934-35 (9th Cir. 2004)*. Consequently, he did not have a plausible withholding of removal claim and any due process violation did not result in prejudice.

The district court did not abuse its discretion when it denied Barajas-Romo's request for an evidentiary hearing. *See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991)* (per curiam). There were no contested issues of fact properly joined that necessitated having an evidentiary hearing to resolve the motion to suppress. Barajas-Romo failed to file a declaration to support the factual contentions in his motion as required by the Southern District of California's Local Rule 47.1(g)(1), (3). Additionally, the record does not support

2008 U.S. App. LEXIS 1737, *2

Barajas-Romo's claim that a stop occurred immediately [*3] after the agent made contact with him. The full record indicates that, at this point, the encounter was consensual.

Barajas-Romo contends that the failure to allege the date of his prior removal in the indictment violated his *Fifth* and *Sixth Amendment* rights. Because the jury heard evidence only of the 2005 reinstatement proceeding, it necessarily found a date of removal subsequent to Barajas-Romo's 2002 aggravated felony conviction. *See United States v. Martinez-Rodriguez, 472 F.3d 1087, 1094 (9th Cir. 2007)*. The failure to allege the date of the prior removal, or at least the fact that Barajas-Romo had been removed after his conviction, violated *Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See United States v. Salazar-Lopez, 506 F.3d 748, 751 (9th Cir. 2007)*. Nevertheless, the error was harmless. *See id. at 753*. The evidence supporting Barajas-Romo's conviction is "'overwhelming and uncontroverted.'" *See id. at 755* (quoting *United States v. Zepeda-Martinez, 470 F.3d 909, 913 (9th Cir. 2006))*. At trial, the government introduced a warrant of removal showing that Barajas-Romo was ordered removed on November 28, 2005, and was physically removed to Mexico on the same day. *Cf. id.*

Barajas-Romo's [*4] other challenges to his sentence fail because, as Barajas-Romo concedes in his brief, *Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)*, remains good law. *See United States v. Pacheco-Zepeda, 234 F.3d 411, 414-15 (9th Cir. 2001)*.

**AFFIRMED.**