LEXSEE 2008 U.S. APP. LEXIS 1513

**UNITED STATES OF AMERICA, Plaintiff - Appellee, v. FRANCISCO LEDESMA-ACEVES, Defendant - Appellant.**

**No. 07-30017**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

*2008 U.S. App. LEXIS 1513*

**January 14, 2008 ** , Submitted**

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**January 18, 2008, Filed**

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]

Appeal from the United States District Court for the Eastern District of Washington. D.C. No. CR-06-00007-FVS. Fred L. Van Sickle, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Pamela Jackson Byerly, Esq., USSP - OFFICE OF THE U.S. ATTORNEY, Spokane, WA.

For FRANCISCO LEDESMA-ACEVES, Defendant - Appellant: Tracy A. Staab, Esq., FPDWA - FEDERAL PUBLIC DEFENDER'S OFFICE (EASTERN WA & ID), Spokane, WA.

**JUDGES:** Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

**OPINION**

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided by *9th Cir. R. 36-3*.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

Francisco Ledesma-Aceves appeals from his 77-month sentence imposed after his guilty-plea conviction for being an alien found in the United States following deportation, in violation of *8 U.S.C. § 1326*. We have jurisdiction pursuant to *28 U.S.C. § 1291*, and we affirm.

Ledesma-Aceves contends that the district court violated his *Fifth* and *Sixth Amendment* rights pursuant to *Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)*, because the indictment did not allege, he did not admit, and a jury did not find beyond a reasonable doubt, that [*2] he had been deported subsequent to his drug trafficking conviction. We disagree.

The record reflects that the dates of Ledesma-Aceves' prior removal were alleged in the indictment and that he admitted all of these dates in his *Rule 11* hearing. *See United States v. Salazar-Lopez, 506 F.3d 748, 751-55 (9th Cir. 2007)* (noting that it is sufficient if the date of removal is alleged in the indictment and admitted by the defendant or found by the jury); *see also United States v. Calderon-Segura, No. 05-50820, 2008 U.S. App. LEXIS 355, 2008 WL 80705, at *5-6 (9th Cir. Jan. 9, 2008)*. Thus, the district court's application of *§ 1326(b)* did not result in *Apprendi* error. *See Salazar-Lopez, 506 F.3d at 751-55; see also Calderon-Segura, No. 05-50820, 2008 U.S. App. LEXIS*

2008 U.S. App. LEXIS 1513, *2

*355, 2008 WL 80705, at *5-6.*

Ledesma-Aceves also contends that *Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)*, is invalid and should not be relied upon. He further contends that under the constitutional avoidance doctrine, *Almendarez-Torres* is limited to challenges to the indictment where the defendant admits the prior conviction during a guilty plea. These contentions are foreclosed. *See Salazar-Lopez, 506 F.3d at 751 n.3.*

**AFFIRMED.**