BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Herrera-Santos

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-0764 SI |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S REPLY, |
| | ) | MOTION TO DISMISS THE |
| v. | ) | INDICTMENT |
| | ) | |
| JUAN HERRERA-SANTOS, | ) | **Hearing Date**: Friday, April |
| | ) | 18, 2008 at 11:00 am. |
| Defendant. | ) | |
| | ) | |

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     The Holding of *Salazar-Lopez* is Clear: A Temporal Relationship Must Be Alleged as a Sentencing Enhancement Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    The Government Argues Harmless Error, *Sub Silencio* . . . . . . . . . . . . . . . . . . . . . 4

III.   Recent Ninth Circuit Decisions Do Not Reject the Need to Allege the Temporal Relationship Between Conviction and Removal in the Indictment . . . . . . . . . . . 5

IV.   The Government Does Not Explain Why It Stands Alone . . . . . . . . . . . . . . . . . . 7

V.    Mr. Herrera-Santos Renews Its Invitation to Attend a Settlement Conference . . . 8

# Table of Authorities

## Federal Cases

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Calderon-Segura*, 512 F.3d at 1111 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

## Federal Memorandum Dispositions

*United States v. Barajas-Romo*, No. 06-50398, 2008 WL. 187388 (9th Cir. Jan. 22, 2008) (mem.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Hernandez-Amescua*, No. 06-50238, 2008 WL. 680188 (9th Cir. Mar. 10, 2008) (mem.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Ledesma-Aceves*, No. 07-30017, 2008 WL. 162956 (9th Cir. Jan. 14, 2008) (mem.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Federal Rules

Ninth. Cir. R. App. Proc. 36-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Herrera-Santos

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN HERRERA-SANTOS,<br><br>    Defendant. | No. CR 07-0764 SI<br><br>DEFENDANT'S REPLY, MOTION TO DISMISS THE INDICTMENT<br><br>**Hearing Date**: Friday, April 18, 2008 at 11:00 am. |

**Introduction**

In its Opposition, the government misapprehends the core legal issue in this motion to dismiss the indictment. It characterizes the issues before the Court as follows:

> (1) [C]an a District Court find the fact of a previous conviction; and (2) can a defendant face 20 years in prison if a § 1326 indictment alleges specific dates of removal but does not allege that the defendant committed an aggravated felony.

*Gov't Opp.* at 1:13-16.

This characterization is incorrect. The novel Sixth Amendment issue before the Court is precisely that set forth in Mr. Herrera-Santos's moving papers:

> Must an indictment that seeks a statutory maximum sentence in excess of two years for the offense of illegal reentry allege the temporal relationship between a removal, and the date of a prior qualifying conviction?

*Def. Mot.* at 2:19-21 .

*Herrera-Santos*, CR 07-0764 SI
DEF. REPLY, MOT. DISMISS INDICT.

The difference between the parties' view of the issue presented is more than semantic. Under *Almendarez-Torres*, this Court does have the ability to make a factual finding as to a prior conviction. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). Under *Salazar-Lopez*, however, the Sixth Amendment requires that the jury, and the jury alone, make factual findings as to the temporal relationship between a conviction and removal. *United States v. Salazar-Lopez*, 506 F.3d 748, 749 (9th Cir. 2008).

The Sixth Amendment and *Salazar-Lopez* require that this enhancement fact – this temporal relationship – be alleged in the indictment to increase the statutory maximum sentence in Section 1326 prosecutions. The present indictment must therefore be dismissed, or Mr. Herrera-Santos must be advised of the correct statutory sentence for the current indictment: two years of custody, and one year of supervised release.

## Discussion

The analysis in the government's Opposition is flawed in three key respects: it does not wrestle with the plain holding of *Salazar-Lopez*, it argues harmless error before a district court (albeit more subtly than was done before the magistrate), and it overstates the holdings of a recent spate of Ninth Circuit memorandum dispositions.

In addition, the Opposition is conspicuously silent on why the Northern District United States Attorney's Office has decided to "go it alone" with its unique approach to Section 1326 indictments, when all of its California sister offices comply with the requirements of *Salazar-Lopez* in their (considerably larger) Section 1326 dockets.

**I.    The Holding of *Salazar-Lopez* is Clear: A Temporal Relationship Must Be Alleged as a Sentencing Enhancement Fact**

In its Opposition, the government claims that the "defendant's assertion that *Salazar-Lopez* requires an indictment to allege *both* the date of removal *and* the date of an aggravated felony conviction takes a single sentence from the opinion out of context." *Gov't Opp.* at 5 (emphasis in original).

This is a curious claim, for the defense quotes the precise issue presented and holding of *Salazar-Lopez* in its entirety in its moving papers. Following is the exact

discussion from the motion:

> Given this dispute, it is useful to present the exact issue in Salazar-Lopez as it was framed by the Ninth Circuit itself:
>
> > [F]or a defendant convicted of being a previously removed alien found in the United States, in violation of 8 USC § 1326, we must resolve whether the dates of a previous felony conviction ***and of*** a previous removal from the United States, subsequent to that conviction, must be alleged in the indictment and proved to a jury for the defendant to be subject to an increased sentence under 8 U.S.C. § 1326(b).
>
> *Id*. at 749-50 (emphases added).
>
> The Court's holding was succinct, and clear: "We answer that question in the affirmative. *Id*. at 750.

*Def. Mot.* at 7:11-19. Indeed, the defense not only quoted the exact issue presented and holding of the case in its entirety: it did so three times throughout its motion.[1]

The government obviously does not agree with the Ninth Circuit's stated holding in the *Salazar-Lopez* decision. *Gov't Opp.* at 6:19-21 ("If the defendant's interpretation of *Salazar-Lopez* is correct, then *Salazar-Lopez* is wrongly decided. ) To disagree with the Ninth Circuit is the government's prerogative. The government's remedy is to seek petitions for rehearing, rehearing *en banc*, or for a writ of certiorari. In the present case, however, the government seeks something much different. It asks *this Court* to find that the Ninth Circuit was wrong.

Put plainly, the Court cannot rule for the government in this motion without finding that the Ninth Circuit erred when it described the issue presented in *Salazar-Lopez* and stated its clear holding. The government provides no authority permitting this Court to overrule a Ninth Circuit decision, and the Court should be reluctant to "correct the Circuit's "mistakes.

Fortunately, there is no need for this Court to take the Ninth Circuit to task. The Ninth Circuit's *conjunctive* holding in *Salazar-Lopez* is clear, and is consistent with

---

[1] *See Def. Mot.* at 2:3-6; 7:13-20; 8:25-28.

1 | *Almendarez-Torres*.

2 | The government asserts what the defense has conceded: *Almendarez-Torres* does
3 | not require the government to charge an earlier aggravated felony in the indictment. *Gov't*
4 | *Opp.* at 4:14-16. However, the existence of an aggravated felony has no impact on the
5 | statutory maximum sentence faced by an illegal reentry defendants. *See Def. Mot.* at 12:8.
6 | Indeed, a Section 1326 defendant can suffer both an aggravated felony *and* a removal and
7 | still face no more than two years under the statute. *Id.*

8 | The enhancement fact at issue in this case is not the existence of a prior
9 | conviction. It is, as the Court put it in *Salazar-Lopez*, the "temporal relationship between
10 | a qualifying conviction and a removal. *Salazar-Lopez*, 506 F.3d at 752. The Ninth
11 | Circuit's command in *Salazar-Lopez* that *both* ends of this temporal relationship be
12 | alleged in the indictment is consistent with *Almendarez-Torres*, for neither the grand or
13 | petit jury is being asked to find all of the specific details of a qualifying conviction – a
14 | task still reserved for the district court.

## II. The Government Argues Harmless Error, *Sub Silencio*

The defense was unfortunately prescient in its moving papers, when it warned against the importation of appellate standards of review into proceedings before the district court. *See Def. Mot.* at 15. In its Opposition, the government again urges rejection of the defense challenge with the reassurance the case would withstand harmless error review – although it does so *sub silencio*, without mentioning harmless error.

The government contends that on the particular facts of this case, *Apprendi* error is not possible. "[I]f the jury finds any of the alleged removals and the Court finds that the defendant was convicted of an aggravated felony, the removal will have occurred after the aggravated felony. The error that the defendant seeks to avoid will be impossible in this case. *Gov't Opp.* at 9:26-28; 10:1.

Thus, in the government's view the Sixth Amendment right to a jury finding of an enhancement fact that increases a statutory maximum sentence is *case-specific*. Under this logic, there would be no Sixth Amendment obligation to charge even the *date of removal*

DEF. REPLY, MOT. DISMISS INDICT.                     4

1   *alone* in an indictment, if all removals followed an aggravated felony conviction. This
2   approach is flatly inconsistent with *Salazar-Lopez* and *Apprendi*.
3   　　　The (perceived) inevitability of a factual outcome does not change the central
4   Sixth Amendment inquiry: it is still the jury, and not this Court, that must be the trier of
5   fact for enhancement facts that increase a statutory maximum sentence. Whether or not a
6   factual outcome could have been different is only relevant for harmless error review,
7   before an appellate court, when there has been no pretrial challenge to the indictment. *See*
8   *Def. Mot.* at 16-17 . In the present case – a motion to dismiss the indictment in the district
9   court – the strength of the government's evidence on enhancement facts is not relevant.
10  The grand jury in this case heard no facts that allowed it to make a finding on the
11  temporal relationship between a qualifying conviction and a removal. Absent that proof
12  before the grand jury, and absent a specific allegation of the temporal relationship in the
13  indictment, a petit jury or this court cannot later make findings to "cure   the deficient
14  indictment and increase the statutory maximum sentence from two to twenty years.

**III.    Recent Ninth Circuit Decisions Do Not Reject the Need to Allege the Temporal Relationship Between Conviction and Removal in the Indictment**

　　　In its Opposition, the government claims that the "Ninth Circuit has repeatedly supported the government's argument that *Salazar-Lopez* requires an indictment to allege *either* a date of removal *or* that a removal occurred after a qualifying conviction.  *Gov't Opp.* at 6-7 (emphasis in original). In support of that proposition, the government then cites a number of unpublished Ninth Circuit memorandum dispositions – without revealing that they are unpublished. *Id.* at 7:4-8. Of course, in this Circuit these mem dispos are not precedent.[2]

　　　Moreover, two of these three unpublished memoranda do not support the government's claim that the *Salazar-Lopez* requirement is disjunctive. In *Hernandez-*

---

[2] Under the Ninth Circuit Rules of Appellate Procedure, an unpublished decision is not precedent. "(a) Not Precedent. Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.   Ninth. Cir. R. App. Proc. 36-3(a).

*Herrera-Santos*, CR 07-0764 SI
DEF.  REPLY, MOT. DISMISS INDICT.                    5

1 *Amescua*, the Court does not describe the indictment at issue nor does it explain whether
2 there was a pretrial challenge to the indictment. *See United States v. Hernandez-Amescua*,
3 No. 06-50238, 2008 WL 680188 (9th Cir. Mar. 10, 2008) (mem.). Instead, in a very brief
4 memorandum it routinely rejects a stock *Apprendi* challenge to *Almendarez-Torres*. *Id.* at
5 *1.

6     Similarly, the Ninth Circuit did not address the issue now before the Court in its
7 memorandum disposition in *United States v. Barajas-Romo*, No. 06-50398, 2008 WL
8 187388 (9th Cir. Jan. 22, 2008) (mem.). In *Barajas-Romo*, the indictment did not allege
9 the date of a prior removal. *Id.* at *1. That indictment violated *Apprendi* under *Salazar-*
10 *Lopez*. *Id.* The issue of whether the *Salazar-Lopez* holding was conjunctive was not
11 before the Court, and there was no holding on that issue. *Id.* Moreover, unlike the present
12 motion the *Barajas-Romo* case did not involve a pretrial challenge to the indictment, and
13 could thus be resolved on harmless error review. *Id.*

14     Of the three unpublished memorandum dispositions relied upon by the
15 government, only one is on point: *United States v. Ledesma-Aceves*, No. 07-30017, 2008
16 WL 162956 (9th Cir. Jan. 14, 2008) (mem.). In this brief mem dispo, it appears that the
17 date of a removal was alleged in an indictment and the date of a prior drug trafficking
18 conviction was not. *Id.* at *1. The Court in *Ledesma-Aceves* concluded that this was not
19 *Apprendi* error. *Id.*

20     *Ledesma-Aceves*, however, is not precedent. *See* Ninth. Cir. R. App. Proc. 36-3(a).
21 This two-page mem dispo did not cite, refer to, or explain the clear conjunctive holding
22 that begins the *Salazar-Lopez* decision. In addition, it does not appear that the defendant
23 in *Ledesma-Aceves* brought a pretrial challenge seeking to dismiss the indictment. *See*
24 *Ledesma-Aceves*, 2008 WL 162956, *1. This cursory memorandum disposition is neither
25 controlling or persuasive, and contributes nothing to the resolution of the question now
26 before the Court.

27     Of the post-*Salazar-Lopez* authority relied upon by the government, only
28 *Calderon-Segura* is a published Ninth Circuit decision. *See* Gov't Opp. at 7:2-8 (citing
*Calderon-Segura*). The defense discussed *Calderon-Segura* in depth in its moving papers.


*See Def. Mot.* at 7-8. As explained in the moving papers (and not addressed in the Opposition) the relevant language *Calderon-Segura* is *dicta*, for *neither* the date of a prior conviction or the date of a removal were alleged in the indictment in that case. *Def. Mot.* at 9:1-3, citing *Calderon-Segura*, 512 F.3d at 1111.

The Ninth Circuit has not "repeatedly supported the government's argument that the *Salazar-Lopez* holding is disjunctive. *Gov't Opp.* at 6-7. The current challenge is a completely novel motion: no decision (published or unpublished, circuit or district) has addressed a pretrial challenge to dismiss an indictment based on a *Salazar-Lopez* deficiency. The Court should follow the stated holding of *Salazar-Lopez* and find that the temporal relationship between a conviction and removal must be charged in an indictment to satisfy the Sixth Amendment.

**IV.    The Government Does Not Explain Why It Stands Alone**

In its Opposition, the government takes a rather disparaging view of Mr. Herrera-Santos's challenge: "The defendant's Motion to Dismiss does not present any novel legal issues – or even any valid legal issues. *Gov't Opp.* at 10:7-8. The Honorable Judge Van Sickle, by contrast, considered this a "valid legal issue  – valid enough, in fact, to cap an illegal reentry sentence at two years based on a *Salazar-Lopez* deficiency. *See Def. Mot.* at 9 (discussing *United States v. Ramos-Tadeo*, 2008 WL 444557 (E.D. Wash. Feb. 15, 2008), *Ord.*) The United States Attorney's Offices for the Eastern, Central, and Southern Districts of California consider this to be a "valid legal issue  – valid enough, in fact, to require *Salazar-Lopez*-compliant indictments in every Section 1326 case. *See Def. Mot.* at 12-13 (describing Section 1326 Indictments in the other three federal districts in California).

The government does not explain in its Opposition why the Northern District alone has decided to part ways with three other United States Attorney Offices, and fuel *Apprendi* challenges by bringing indictments that do not comply with *Salazar-Lopez*. This divergence is particularly mysterious, because it is not a tremendous burden to establish this fact before the grand jury and allege it in an indictment. Ironically, the government has offered an order of judgment and commitment in support of its Opposition to the

defense motion. *Gov't Opp.*, Exh. A. A time stamp on the bottom of this order suggests that this copy was generated for ICE on July 31, 2006. *Id.* (The Bates stamp reveals that this Order was part of the A-File). The indictment in this case was not returned until December 2007. It is unclear why the government could not present an order (already in its possession) to the grand jury and add a single line to an indictment.

It is fair for the Court to pose the practical question unanswered in the government's Opposition: why is the Northern District USAO alone fighting this indictment battle, and is it a battle really worth fighting?

**V.    Mr. Herrera-Santos Renews Its Invitation to Attend a Settlement Conference**

In his moving papers, Mr. Herrera-Santos invited the government to join in a request for a referral to a settlement conference before the Honorable Joseph C. Spero. *Def. Mot.* at 17:19. The government apparently missed this invitation, for there has been no comment on that proposal in its Opposition or from AUSA Helou. The defense therefore renews its invitation to attend a settlement conference. This case could – and should – settle. With the guidance of a settlement judge a pretrial resolution is likely, and that resolution would moot the present motion. Should the government accept the defense's invitation undersigned counsel would be glad to prepare a proposed referral order, a proposed order continuing the hearing date on the present motion, and a proposed stipulated order excluding time under the Speedy Trial Act.

//
//
//
//
//
//
//
//
//

**Conclusion**

For the foregoing reasons, Mr. Herrera-Santos respectfully requests that this Court dismiss the indictment, or alternatively advise the defendant that he is currently facing charges that carry a two-year maximum sentence.

Dated: April 11, 2008

Respectfully submitted,
BARRY J. PORTMAN
Federal Public Defender

/s

STEVEN G. KALAR
Assistant Federal Public Defender