1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,                     No. C 07-00764 SI

9              Plaintiff,                          **ORDER DENYING DEFENDANT'S
                                                   MOTION TO DISMISS INDICTMENT**
10        v.

11   JUAN HERRERA-SANTOS,

12             Defendant.
     _____/

13

14        On April 18, 2008, the Court heard oral argument on defendant's motion to dismiss the

15   indictment.  Having considered the arguments of counsel and the papers submitted, the Court hereby

16   DENIES defendants' motion.

17

18                                        **BACKGROUND**

19        On December 4, 2007, a grand jury returned an indictment against defendant Juan Herrera-

20   Santos, charging him with reentry after deportation from the United States in violation of 18 U.S.C. §

21   1326.  The government indicated in the face sheet attached to the indictment that defendant faced a

22   maximum prison term of 20 years, pursuant to 18 U.S.C. § 1326(b), rather than a two-year maximum

23   pursuant to 18 U.S.C. § 1326(a), presumably because defendant had been deported subsequent to having

24   pled guilty on April 13, 2000, to a violation of California Health and Safety Code § 11351.5, an

25   aggravated felony.  The indictment alleged that defendant had been removed from the United States on

26   October 3, 2001, September 7, 2002, April 9, 2003, April 22, 2005, July 1, 2005, November 30, 2005,

27   November 28, 2006, and February 22, 2007, but did not allege that he had been convicted of an

28   aggravated felony or that any of his removals occurred subsequent to his aggravated felony conviction.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    Currently before the Court is defendant's motion to dismiss his indictment.

2

3                                    **DISCUSSION**

4          Defendant contends that his indictment must be dismissed because, although it alleges the dates

5    of his removals, it does not allege the date of his prior conviction and thus does not allege the temporal

6    relationship between his conviction and subsequent removals.  Defendant argues that this missing

7    information violates the Sixth Amendment, as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466

8    (2000), and *United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007).  The Court disagrees.

9          "Under *Apprendi* and its progeny, '[a]ny fact (other than a prior conviction) which is necessary

10   to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or

11   a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"

12   *United States v. Covian-Sandoval*, 462 F.3d 1090, 1096 (9th Cir. 2006) (quoting *United States v.*

13   *Booker*, 543 U.S. 220, 244 (2005)).  In addition, a fact other than a prior conviction must be charged in

14   the indictment.  *United States v. Cotton*, 535 U.S. 625, 627 (2002).  In the context of a conviction for

15   reentry after removal, the *Apprendi* rule means that if a defendant faces a sentence beyond the two-year

16   statutory maximum set forth in 18 U.S.C. § 1326(a) because the defendant was removed subsequent to

17   certain convictions pursuant to 18 U.S.C. § 1326(b), a jury must find – or a defendant must admit – that

18   the defendant was removed on a date that was subsequent to the relevant § 1326(b) conviction.  *Salazar-*

19   *Lopez*, 506 F.3d at 752.  This fact also must be alleged in the indictment.  *Id.*  The question presented

20   by defendant's motion is whether it is sufficient for the indictment to allege only the date of a prior

21   removal, or if instead the indictment must allege the date of removal *and* that this removal occurred

22   subsequent to the relevant prior conviction.  Another way of stating this question is whether the Ninth

23   Circuit in *Salazar-Lopez* meant to require the government to allege both the date of removal *and* that

24   this removal occurred after a qualifying conviction, the position urged by defendant, or meant to require

25   the government to allege only the date of removal, the position urged by the government.  For the

26   following reasons, the Court determines that the Ninth Circuit created a disjunctive rule, not a

27

28                                         2

conjunctive rule, and that there is no barrier to a court taking note of the date of a qualifying conviction when it finds as a fact that a defendant has a prior qualifying conviction.

Defendant's argument relies on the framing of the question presented by the *Salazar-Lopez* panel, which explained that

> we must resolve whether the dates of a previous felony conviction *and* of a previous removal from the United States, subsequent to that conviction, must be alleged in the indictment and proved to a jury for the defendant to be subject to an increased sentence under 8 U.S.C. § 1326(b). We answer that question in the affirmative.

*Salazar-Lopez*, 506 F.3d at 749-50 (emphasis added). While this language strongly suggests that an indictment must allege both the date of a previous removal and the date of a previous felony conviction, the remainder of the opinion clarifies that defendant's argument hinges on the inartful drafting of the question presented. The opinion concludes that "the date of the removal, or at least the fact that Salazar-Lopez had been removed *after* his conviction, should have been alleged in the indictment and proved to the jury. The failure to do so was an *Apprendi* error." *Id.* at 752. This language clarifies not only that the date of removal alone is sufficient to satisfy *Apprendi*, *see id.* ("the date of the removal . . . should have been alleged in the indictment . . ."), but also that the *Salazar-Lopez* court viewed as a lesser, but still acceptable, alternative the inclusion of an allegation that the removal had occurred after a qualifying conviction, *see id.* ("*or at least* the fact that Salazar-Lopez had been removed *after* his conviction" (first emphasis added)).

This reading of the Ninth Circuit's intent is confirmed by the court's analysis leading up to this conclusion. The court explained that the case was similar to the case of *Covian-Sandoval*, in which the Ninth Circuit held that although the fact of a prior conviction need not have been found by the jury, the jury should have been required to find the date of a prior removal. *Covian-Sandoval*, 462 F.3d at 1096-98. The *Salazar-Lopez* court held that the same error had occurred because "the jury was presented with evidence of two removals, one which preceded Salazar-Lopez's felony conviction and one which followed, and was never asked to find that the later removal had indeed occurred." *Salazar-Lopez*, 506 F.3d at 751. Thus, the problem presented by Salazar-Lopez's conviction was that the jury could have made a finding only as to his first removal, and not his second. *Id.* This was the crux of the problem

**United States District Court**
For the Northern District of California

faced by the *Salazar-Lopez* court, leading it to the solution of requiring the jury to find – and the indictment to allege – the date of removal. Moreover, in discussing the *Covian-Sandoval* holding, the court explained that "an *Apprendi* error had occurred where the date of a prior removal (necessary to determine whether the removal had *followed* the conviction in time) was not admitted by the defendant or found by a jury." *Id.* This language also suggests that the jury's finding of a prior removal date is all that is required for a court to determine, at sentencing, that the removal had been subsequent to a qualifying conviction.

Since the issuance of the *Salazar-Lopez* opinion, at least two other Ninth Circuit panels have affirmed this interpretation of *Salazar-Lopez*.[1] In *United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008), the Ninth Circuit reiterated that "[u]nder *Salazar-Lopez* . . . the indictment must allege . . . either the date of the prior removal or that it occurred *after* a qualifying prior conviction," *id.* at 1111 (citing *Salazar-Lopez*, 506 F.3d at 752). Similarly, in *United States v. Ledesma-Aceves*, 2008 WL 162956 (9th Cir. Jan. 18, 2008), the defendant raised a challenge similar, if not identical, to that raised by defendant here. There, as here, the indictment had alleged the prior dates of removal. *Id.* at *1. In addition, unlike the present case, the defendant had admitted these dates in his Rule 11 hearing. *Id.* The court ruled that this satisfied *Apprendi* and *Salazar-Lopez* because "it is sufficient if the date of removal is alleged in the indictment and admitted by the defendant or found by the jury." *Id.* (citing *Salazar-Lopez*, 506 F.3d at 751-55). Although this unpublished opinion may not be cited as precedent, the panel's interpretation of *Salazar-Lopez* provides guidance to this Court in resolving a nearly-identical issue. For these reasons, the Court finds that defendant's indictment, which alleged the dates

---

[1]Defendant points to two district court cases from the Eastern District of Washington, one of which interpreted *Salazar-Lopez* as creating a disjunctive rule, *United States v. Salinas-Ruiz*, 2008 WL 506054 (E.D. Wash. Feb. 20, 2008), and one of which interpreted it as creating a conjunctive rule, *United States v. Ramos-Tadeo*, 2008 WL 444557 (E.D. Wash. Feb. 15, 2008). These cases, and the split in the Eastern District of Washington, demonstrate that reasonable minds can certainly differ over the meaning of *Salazar-Lopez*, but do not alter the Court's decision here.

4

**United States District Court**
For the Northern District of California

1  of his prior removals, does not violate his Sixth Amendment rights.[2]

2      If this case proceeds to the sentencing stage, either the jury will have found beyond a reasonable

3  doubt that defendant was removed on one or more of the dates alleged, or defendant will have admitted

4  those facts. The Court, pursuant to Supreme Court precedent, may then make a factual finding whether

5  defendant had a qualifying prior conviction. *See Booker*, 543 U.S. at 244. Defendant has presented no

6  support for his contention that the Court may not, in finding the fact of a prior conviction, also recognize

7  the inextricably-intertwined fact of the date the prior conviction occurred. If this date is prior to the date

8  of removal found by the jury or admitted by defendant, the Court may sentence defendant to a prison

9  term exceeding the two-year statutory maximum of 18 U.S.C. § 1326(a). A date of conviction, like the

10  fact of conviction itself, is not a fact that must be tested by the jury; it will be readily apparent to the

11  judge who is also finding the fact of a prior conviction. Indeed, the Ninth Circuit has indicated that

12  when a court finds the fact of a prior conviction, it may also find the fact that the conviction occurred

13  on a given date that was prior to the date of removal. *United States v. Castillo-Rivera*, 244 F.3d 1020,

14  1025 (9th Cir. 2001) ("[T]he recidivism exception to *Apprendi*'s holding is not, contrary to Castillo's

15  suggestion, somehow inapplicable to an aggravated felony enhancement under 8 U.S.C. § 1326 because

16  removal must have been *subsequent* to an aggravated felony conviction."). The motion to dismiss is

17  DENIED [Docket No. 24].

18      **IT IS SO ORDERED.**

19

20  Dated: April 21, 2008                                     _____

21                                                                    SUSAN ILLSTON
                                                                      United States District Judge
22

23

24
_____

25      [2]At oral argument, defendant suggested that requiring the U.S. Attorney's office to research the
26  dates of relevant prior convictions – and their temporal relationship to the dates of removals – prior to
    seeking indictments would have a real-world impact on defendants who were not removed subsequent
27  to a qualifying conviction. Although additional information certainly may be useful, this is a policy
    matter that must be addressed in a different forum.

28