EXHIBIT B

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ALBERT B. SAMBAT  (CABN 236472)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7129
    Facsimile: (415) 436-7234
    E-Mail: albert.sambat2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>    )<br>    Plaintiff,     )<br>    )<br>    v.     )<br>    )<br>ELY SAU CHAPAS-AGUILERA,     )<br>    a/k/a Elisau Chapas-Aguilar,     )<br>    )<br>    Defendant.     )<br>_____ ) | No.  CR 07-0763 WHA<br><br>PLEA AGREEMENT |

    I, Ely Sau Chapas-Aguilera, and the United States Attorney's Office for the Northern

District of California (hereafter "the government") enter into this written plea agreement (the

"Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

    1.    I agree to plead guilty to the captioned Indictment charging me with one count of

illegal entry into the United States following deportation, in violation of 8 U.S.C. § 1326.  I agree

that the elements of the offense are as follows: (1) the defendant was deported from the United

States; (2) after deportation, the defendant knowingly entered and voluntarily remained in the

United States; (3) the defendant was found in the United States without having obtained the

PLEA AGREEMENT; CR 07-0763 WHA

consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and (4) the defendant was an alien at the time defendant entered and was found in the United States. I agree that the maximum penalties are as follows:

|   |   |   |
|---|---|---|
| a. | Maximum prison sentence | 20 years |
| b. | Maximum fine | $250,000 |
| c. | Maximum supervised release term | 3 years |
| d. | Mandatory special assessment | $100 |
| e. | Restitution | None |
| f. | Deportation | |

2.      I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: On or about April 6, 2004, I was convicted of a felony drug trafficking offense in violation of California Health and Safety Code § 11351. I am a citizen of Honduras and am not, nor have I ever been, a citizen of the United States. On or about February 14, 2007, March 9, 2005, July 9, 2004, September 10, 2003, February 26, 2003, and February 6, 2002, I was deported from the United States to Honduras. Subsequent to February 14, 2007, I knowingly and voluntarily reentered the United States and then knowingly remained in the United States. On or about November 19, 2007, I was found in the United States. I have never applied for or received the consent of the Attorney General, the Secretary of the Department of Homeland Security or any representatives of that department.

3.      I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence. I also agree to waive venue, if necessary, based on the charges filed in this case.

4.      I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,

PLEA AGREEMENT; CR 07-0763 WHA        2

1 including any orders relating to forfeiture and/or restitution.

2      5.    I agree not to file any collateral attack on my conviction or sentence, including a

3 petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any

4 time in the future after I am sentenced, except for a claim that my constitutional right to the

5 effective assistance of counsel was violated.

6      6.    I agree not to ask the Court to withdraw my guilty plea at any time after it is

7 entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the

8 government may withdraw from this Agreement if the Court does not accept the agreed upon

9 sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out

10 below, the statute of limitations shall be tolled from the date I signed the plea agreement until the

11 date the Court does not accept the plea agreement.

12      7.    I agree that my sentence should be calculated pursuant to the Sentencing

13 Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult

14 those Guidelines and take them into account when sentencing, together with the factors set forth

15 in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as

16 follows and that I will not ask for any other adjustment to or reduction in the offense level or for

17 a downward departure from the Guidelines range:

18         a.    Base Offense Level, U.S.S.G. § 2L1.2(a):    8

19         b.    Specific offense characteristics:    12
20             (U.S.S.G. § 2L1.2(b)(1)(B))

21         c.    Early disposition program:    -4
            (U.S.S.G. § 5K3.1)

22         d.    Acceptance of responsibility:    -3
23             (If I meet the requirements of U.S.S.G. § 3E1.1,
            I may be entitled to a three-level reduction for
24             acceptance of responsibility, provided that I
            forthrightly admit my guilt, cooperate with the
25             Court and the Probation Office in any presentence
            investigation ordered by the Court, and continue
26             to manifest an acceptance of responsibility through
            and including the time of sentencing.)

27         e.    Adjusted offense level    13

28 The parties have reached no agreement regarding the applicable criminal history category. The

PLEA AGREEMENT; CR 07-0763 WHA    3

parties agree that the Court will order United States probation to prepare a criminal

history report.

8.    I agree that a reasonable and appropriate disposition of this case is as follows:

a.    a sentence of imprisonment at the low end of the Guidelines range for
adjusted offense level 13 and the applicable criminal history category as
determined by the Court;

b.    a mandatory special assessment of $100; and

c.    three years of supervised release with conditions of supervised release to
be established by the Court, with one condition being that I may not
reenter the United States illegally during my term of supervised release.

9.    I agree not to commit or attempt to commit any crimes before sentence is imposed
or before I surrender to serve my sentence.  I also agree not to violate the terms of my pretrial
release (if any); not to intentionally provide false information to the Court, the Probation Office,
Pretrial Services, or the government; and not to fail to comply with any of the other promises I
have made in this Agreement.  I agree that, if I fail to comply with any promises I have made in
this Agreement, then the government will be released from all of its promises in this Agreement,
including those set forth in paragraphs 12 through 14 below,  but I will not be released from my
guilty plea.

10.    I agree that this Agreement contains all of the promises and agreements between
the government and me, and I will not claim otherwise in the future.

11.    I agree that this Agreement binds the U.S. Attorney's Office for the Northern
District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12.    The government agrees to move to dismiss any open charges pending against the
defendant in the captioned Indictment at the time of sentencing.

13.    The government agrees not to file any additional charges against the defendant
that could be filed as a result of the investigation that led to the captioned Indictment.

14.    The government agrees that the reasonable and appropriate sentence in this case

should be as set forth in paragraph 8 above, unless the defendant violates the Agreement as set

forth in paragraphs 8 through 9 above or fails to accept responsibility.

The Defendant's Affirmations

15.    I confirm that I have had adequate time to discuss this case, the evidence, and this

Agreement with my attorney, and that she has provided me with all the legal advice that I

requested.

16.    I confirm that while I considered signing this Agreement, and at the time I signed

it, I was not under the influence of any alcohol, drug, or medicine.

17.    I confirm that my decision to enter a guilty plea is made knowing the charges that

have been brought against me, any possible defenses, and the benefits and possible detriments of

proceeding to trial.  I also confirm that my decision to plead guilty is made voluntarily, and no

one coerced or threatened me to enter into this Agreement.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

PLEA AGREEMENT; CR 07-0763 WHA        5

1    18.    I confirm that I read this entire plea agreement with the assistance of an interpreter

2  and in the presence of my attorney.

3

4  Dated: _____

5                                                    ELY SAU CHAPAS-AGUILERA
                                                     Defendant
6

7                                                    JOSEPH P. RUSSONIELLO
                                                     United States Attorney
8  Dated: _____                           _____

9                                                    ALBERT B. SAMBAT
                                                     Special Assistant United States Attorney
10    I have fully explained to my client all the rights that a criminal defendant has and all the

11  terms of this Agreement.  In my opinion, my client understands all the terms of this Agreement

12  and all the rights he is giving up by pleading guilty, and, based on the information now known to

13  me, his decision to plead guilty is knowing and voluntary.

14

15  Dated: _____                           _____
                                                     JODI LINKER
16                                                   Attorney for Defendant

17                        INTERPRETER CERTIFICATION

18    I, _____, hereby certify that I am a certified Spanish interpreter and

19  that I accurately translated this plea agreement to the defendant, he told me that he understood it,

20  and I believe his answer was true and correct.

21

22  Dated: _____                           _____

23                                                   Interpreter's signature

24

25

26

27

28

PLEA AGREEMENT; CR 07-0763 WHA        6